Deborah L. LAW, Appellant–Respondent,

v.

Kenneth M. LAW, Appellee–Petitioner.

No. 10A04–9603–CV–92.

Court of Appeals of Indiana.

Feb. 24, 1997.

---

Dennis R. Tackett, Tackett, Taurman & Sonne P.C., New Albany, for Appellant.

S. Frank Mattox, Derrick H. Wilson, Mattox & Mattox, New Albany, for Appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Respondent-Appellant, Deborah Law ("Mother"), appeals the trial court's award of custody to Petitioner–Appellee, Kenneth Law ("Father"). We reverse and remand.

### Issue

Mother raises two issues for our review, which we consolidate and restate as: whether the trial court's special findings of fact number two, three and number thirteen are adequate to support a valid legal basis for the judgment of the trial court.

### Facts and Procedural History

Mother and Father were married approximately six years and had three children. Theirs was a marriage of infidelity, violence and instability. Father was arrested for domestic violence on three occasions. Father was also reported to Social Services for inflicting physical harm upon the oldest child. Because of marital difficulties and financial problems, Mother and Father mutually placed their last child for adoption. After a provisional hearing, Father was given temporary custody of the two remaining children. He was then awarded permanent custody of the children.

### Discussion and Decision

The trial court's decision is clearly erroneous. A trial court's judgment based upon special findings and conclusions will be reversed only when clearly erroneous. Ind.Trial Rule 52(A); *Monroe Financial Corp. v. DiSilvestro,* 529 N.E.2d 379, 381 (Ind.Ct.App.1988), *trans. denied.* Special findings are adequate only if sufficient to support a valid legal basis for the judgment. *Met. Dev. Comm. of Marion County v. Goodman,* 588 N.E.2d 1281, 1285 (Ind.Ct.App. 1992). When a trial court has made special findings of fact, we review the sufficiency of the evidence in a two-step process. First, we must determine whether the evidence supports the trial court's findings of fact and, next, we must determine whether those findings of fact support the trial court's conclusions of law. *Estate of Reasor v. Putnam County,* 635 N.E.2d 153, 158 (Ind.1994). Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Indianapolis Convention & Visitors Ass'n, Inc. v. Indianapolis Newspapers, Inc.,* 577 N.E.2d 208, 211–12. A judgment is clearly erroneous when it is unsupported by the findings of fact and the conclusions relying on those findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320 (Ind.Ct.App.1991), *trans. denied.*

Specifically, Mother challenges at least three of the trial court's findings of fact, each of which is dispositive for purposes of this appeal. In the trial court's finding of fact number two, it stated:

> That the parties' third child was born on February 17, 1993, C.L.L. (sic), was adopted the following day (n/k/a R.B. (sic)) while the parties were separated in part because "the mother did not want three (3) kids in diapers at the same time."

The trial court stated in finding of fact number three:

> Although both parties pre-arranged the adoption of C.L.L. (sic) for various reasons, the Court considers this factor to be extremely damaging to the Respondent–Mother's interest in seeking legal custody of the remaining children because the Court presumes the mother to be the primary caretaker of the new born infant, especially in light of the parties' separation.

773

The trial court stated in finding of fact number thirteen:

> The Court is concerned about excessive corporal punishment inflicted by Petitioner upon Michael Ryan Law as continued excessive punishment may lead to a change of custody.

There is a question as to whether the evidence supports these findings and as to whether these findings support the trial court's conclusions of law.

As for specific finding of fact number two, the evidence in the record does not support this finding. Direct evidence in the record supports the fact that the child was placed up for adoption mutually by both Mother and Father due to the state of their marriage and financial situation. Nor does the evidence in the record support the trial court's specific finding of fact number three. There is no case law in Indiana which has considered adoption of a child of a marriage to affect a parents' attempts to get custody of remaining children in the marriage. We hold that it is unduly prejudicial to base custodial decisions on whether other children of the marriage have been adopted, unless the adoption is a result of poor parenting by one parent alone. In such a situation, it is the poor parenting, and not the adoption, that factors into the custody decision. There is no evidence that Mother is a poor parent. The placement of a child for adoption, especially a child born of a marriage, is not a decision entered into lightly and requires the legal consent of both biological parents. Adoption alone does not cast a veil of substandardness onto the biological parent. Indeed, in many situations, adoption is the most responsible choice a biological parent can make. Given the facts of their circumstances at the time of the adoption, Mother and Father made a mutually responsible and selfless choice for their child. The trial court was clearly erroneous in factoring the adoption against Mother.

Finally, specific finding of fact number thirteen does not support the judgment. Clearly, the evidence in the record supports such a finding. However, a finding of excess corporal punishment by Father is inconsistent with granting an award of custody to the father.

Accordingly, we reverse and remand for a new hearing.

DARDEN and KIRSCH, JJ., concur.